CHIASSON, Judge.
This is an appeal of a judgment of the District Court in favor of the defendant-ap-pellee, Huey P. McIntyre, Administrator of the Succession of Jean B. McIntyre, and against the plaintiff-appellant, Eugene Boasso, rejecting appellant’s demand and dismissing his suit.
In February of 1974, the appellant advanced his daughter, Jean B. McIntyre, $2,000.00 with which to make a down payment on a used car. The appellant and his wife testified that the money was given to their daughter as a loan to be repaid when she could. This testimony was corroborated by Mrs. Ruby Sharpe, a friend of the appellant’s daughter, who testified' that she was told by the appellant’s daughter that the money from the appellant was a loan and that she intended to repay the loan. The daughter did not give a promissory note or execute any other written evidence of an obligation to pay.
Jean B. McIntyre died about nine months after she received the $2,000.00. During this time she did not repay any of the $2,000.00. After the death of his daughter, on July 7, 1975, the appellant brought this suit to have the appellee, the administrator of the appellant’s daughter’s estate and her ex-husband, include the alleged $2,000.00 loan in the list of succession debts.
Following a trial on the merits the District Court dismissed the appellant’s suit stating:
“It is the Court’s opinion that there was no binding or absolute agreement for payment but merely an understanding between parents and daughter that she could repay the advance when and if her circumstances would permit. There was nothing binding in the obligation and repayment, if any, was left entirely to the will of their daughter. “It is my opinion that had she lived they would never have sought by judicial means to compel payment . . . ”
(Reasons for Judgment).
That the appellant might never have sought by judicial means to compel payment has no bearing upon the nature or enforcibility of the obligation. The important question is whether the appellant could, if he so desired, compel payment by judicial means.
The evidence establishes that the appellant’s daughter was to repay the $2,000.00 “when” she could. The District Court concluded that the agreement by the daughter to pay “if and when” she could did not create a binding obligation because repayment was left entirely to the will of the daughter.
The transaction between the appellant and his daughter was a loan for consumption. Civil Code Article 2910. The debtor in a loan of money is bound to return the sum lent to him. Civil Code Article 2913. “If it was agreed only that the borrower should pay when he could, or when he should have the means so to do, he ought to be sentenced to pay as soon as he appears to be able so to do.” Civil Code Article 2919. The daughter agreed to repay the $2,000.00 when she was able. This agreement created a binding obligation enforceable under Civil Code Article 2919.
For the above reasons, the judgment appealed from is reversed and it is ordered that there be judgment in favor of the appellant, Eugene Boasso, and against the Appellee, Huey P. McIntyre, Administrator *405 of the Succession of Jean B. McIntyre, ordering said appellee to include in the list of debts the appellant’s claim in the amount of $2,000.00. Our holding herein deals solely with the listing of this indebtedness in the succession proceedings. Whether or not the debt or any part thereof must be paid will depend upon the solvency of the estate of Jean B. McIntyre.
Costs are to be paid by the appellee.
REVERSED AND RENDERED.